UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COURTNEY PARKER,

    Plaintiff,

    v.      CAUSE NO. 3:25-CV-434 DRL-SJF

RON NEAL *et al.*,

    Defendants.

OPINION AND ORDER

Courtney Parker, a prisoner without a lawyer, filed an amended complaint. ECF 18. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Parker's original complaint alleged that he was assaulted on July 10, 2024. In that complaint, he provided no details about who assaulted him, how they assaulted him, or how he was injured. He sued five defendants because they allegedly knew there was a bounty on his head and failed to take reasonable steps to ensure his safety, but he provided no details about when he contacted the defendants, how he contacted them, or what he told them. The court explained the following to Mr. Parker:

> The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).
>
> The complaint is short on facts, dates, and specifics about the communications leading up the assault and the assault itself. Based on what it does say, it isn't plausible to infer that Mr. Parker's Eighth Amendment rights were violated. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

ECF 17.

Although Mr. Parker's original complaint didn't state a claim, he was granted an opportunity to amend his complaint. The amended complaint (ECF 18) provides some additional details, but the amended complaint doesn't plausibly allege that any named defendant consciously disregarded a specific, credible, and imminent risk of serious harm to Mr. Parker.

Mr. Parker again names five defendants: Ron Neal, Dawn Buss, Joe Snyder, Counselor Robey, and Counselor Carney. He claims that each is liable for failing to protect him from a July 10, 2024 assault by an alleged member of the Gangster Disciples, Cedric Ware, who struck Mr. Parker with a crutch.

Mr. Parker claims that Warden Neal should be held liable because Mr. Parker filed a motion in the United States District Court for the Northern District of Indiana in April 2024, and the district court sent a copy of that motion to Warden Neal so Warden Neal would be aware of the concerns expressed in the motion. *See* 3:24-MC-6 (order dated Apr. 15, 2025). The motion did not include the name of any particular individual who allegedly posed an imminent threat to Mr. Parker. Rather, it was focused on Mr. Parker's desire to preserve evidence for litigation related to events that had already occurred. Furthermore, Mr. Parker indicated in the motion that he had been placed in protective custody following the incident he described. *Id.* at ECF 1 at 1.

Mr. Parker also alleges that, in April 2024, a judge in Lake County, Indiana, provided Warden Neal with information showing that Mr. Parker was alleging that a gang member had placed a bounty on him, and he needed protective custody. Mr. Parker doesn't allege that this communication identified a particular individual who posed a

3

threat to Mr. Parker or included facts that substantiate Mr. Parker's allegation that there is in fact a bounty.

Mr. Parker claims that Assistant Warden Buss began receiving emails from his family members and friends in March 2024, indicating that Mr. Parker was in danger because a gang member had placed a bounty on his head. Assistant Warden Buss allegedly took no action to protect Mr. Parker until after he was attacked on July 10, 2024.[1] Mr. Parker was, however, placed on keylock status for his protection several times, including in May 2024.

Mr. Parker alleges that both Team Manager Joe Snyder and Counselor Robey had him removed from keylock status sometime prior to the July 10, 2024, attack, knowing that a bounty had been placed on his head.[2] Mr. Parker also asked for a protective custody request form from Counselor Carney in July 2024, prior to the July 10 assault. Counselor Carney allegedly denied him the form because she wasn't convinced that Mr. Parker was in danger. She noted that Mr. Parker had been placed on keylock status several times and nothing had happened that convinced her that he was in danger.

The legal standard governing failure to protect claims has already been shared with Mr. Parker. ECF 17. Prison officials must "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A violation occurs only where "deliberate indifference by prison officials effectively condones the attack by

---

[1] At that point, Assistant Warden Buss ordered Team Manager Joe Snyder to place Mr. Parker on key-lock status indefinitely, until he could be transferred to another facility.

[2] Mr. Parker does not provide a date when Manager Snyder allegedly removed him from keylock status. He alleges that Counselor Robey removed him from keylock status and had him transferred to a dorm where his problems with other inmates began on May 20, 2024.

4

allowing it to happen." *Hale y v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Liability turns on what the defendant knew. When a defendant is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and draws such an inference, there may be liability." *Farmer*, 511 U.S. at 837. But "poor judgment" isn't enough. There must be a conscious disregard of a known risk. *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). Thus, "a complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015).

The amended complaint doesn't allege that Mr. Parker provided any defendant with specific facts regarding the alleged bounty. General requests for help and expressions of fear aren't enough to put defendants on notice of a need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). The threats must be credible, and a claim that there is a bounty on Mr. Parker's head without providing more information (*i.e.*, what happened, who placed the bounty on his head, or how Mr. Parker knows there's a bounty) doesn't provide the kind of specificity necessary to put the defendants on notice that protection is needed.

This complaint doesn't state a claim for which relief can be granted. The court has already granted Mr. Parker one opportunity to amend the complaint, and the amendment didn't adequately address the lack of specifics regarding the threat and what the defendants knew about that threat. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not

5

be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

    For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

October 30, 2025                                      *s/ Damon R. Leichty*
                                                        Judge, United States District Court